## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **BEJA PARKS,** | § § § |
| Plaintiff, | § §   **Civil Action No.** |
| v. | § § |
| **SOUTHWEST RECOVERY SERVICES, INC.,** | § §   **Jury Trial Demanded** § § |
| Defendant. | § § |

## COMPLAINT

BEJA PARKS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against SOUTHWEST RECOVERY SERVICES, INC. ("Defendant"):

### INTRODUCTION

**1.** Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

### PARTIES

4. Plaintiff is a natural person residing in Fort Worth, Texas 76133.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and Wenrich v. Cole, U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a corporation with its principal place of business located at 17311 Dallas Parkway, Suite 235, Dallas, Texas 75248.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. Upon information and belief, Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore the debt, if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

13. Beginning in February 2016 and continuing through June 2016, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number on a repetitive and continuous basis.

14. Plaintiff received collection calls from telephone numbers including, but not limited to (214) 387-8068. The undersigned has confirmed the number as belonging to

Defendant.

15. Defendant's collectors were attempting to contact an unknown third party named "Lamecia Lemons" (phonetic).

16. In April 2016, Plaintiff spoke to Defendant and stated that they had the wrong number, stop calling her, and to put her number on a do not call list.

17. In response to Plaintiff's request to stop calling, Defendant simply hung up on Plaintiff.

18. Once Defendant was informed that it was calling the wrong party, that its calls were unwanted, and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone.

20. Defendant continued to call Plaintiff's cellular telephone through June 2016.

21. Defendant contacted Plaintiff before 8:00 A.M. local time during the month of May 2016.

22. After Plaintiff's request to stop the calls was ignored by Defendant, she had no other option but to install a blocking application on her cellular devise to block calls from Defendant's phone number.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

23. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with the consumer before 8:00 A.M. and/or after 9:00 P.M. local time at the consumer's location.

24. Defendant violated this section when it contacted Plaintiff before 8 AM during

the month of May 2016 at a time known to be inconvenient to receive calls.

## COUNT II
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant violated § 1692d when it called Plaintiff repeatedly and continuously and when it continued to call Plaintiff even after being informed that it had the wrong number and to stop calling her immediately in April.

## COUNT III
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

28. Defendant violated §1692d(5) when it continued to call Plaintiff's cellular telephone multiple times each day despite Plaintiff's clear instruction that Defendant had a wrong number and to stop calling her in April 2016.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BEJA PARKS, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

- 4 -

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

f. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BEJA PARKAS, demands a jury trial in this case.

DATED: 6/17/2016      KIMMEL & SILVERMAN, P.C.

By:  /s/Amy L. B. Ginsburg

Amy L. B. Ginsburg
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com